## Case No. 506.

### In re ARCHER.

[9 Ben. 427;[1] 24 Int. Rev. Rec. 110.]

District Court, S. D. New York. April, 1878.

INCOME TAX.

1. It is not within the purview of sections 3172 to 3182 of the Revised Statutes that unpaid income-taxes are now to be assessed and collected through the machinery provided by those sections, or that the examinations which are solely a part of such machinery should now take place.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2. Where a person made sworn returns of his income each year from 1866 to 1872, and paid income-taxes accordingly, the commissioner of internal revenue could not, in 1878, under section 3182, make a new or corrected list in respect to the income-taxes of such person for those years, because the fifteen months named in that section had elapsed.

R. M. Sherman, Asst. Dist. Atty., for the United States.

Dudley Field, for Mr. Archer.

BLATCHFORD, Circuit Judge. The order to show cause is an order to show cause why an attachment should not issue, as for a contempt, "as provided by section 3175 of the Revised Statutes of the United States." That section applies only to persons summoned under sections 3173 and 3174. The proceedings which resulted in the order to show cause are, on the face of the papers, based specifically on those three sections only. The summons was one "to produce all books of account containing entries of your business transactions, and relating to the trade or business of yourself, from January 1st, 1866, to January 1st, 1872, which you may have in your possession, custody or care, and to give evidence, according to your knowledge, respecting the liability of yourself as an income-tax payer, to an excise duty or tax under the internal revenue laws of the United States."

The three sections above cited are part of a scheme looking solely to the assessment and collection of taxes through the machinery of assessment and collection by the warrant of the collector. This appears from the tenor of the three sections themselves, and of section 3172, and of the sections which follow section 3175. Whether the case be one of neglect to render a return, or of the rendering of a false return, section 3176 shows that the object of the examination of books and the taking of testimony under section 3173 is to enable the collector or deputy collector to make a correct list or return, and to enable the commissioner of internal revenue to assess the tax on objects liable to tax. I do not think it is within the purview of the sections referred to, even including section 3182, that unpaid income-taxes are now to be assessed and collected through the machinery provided by those sections, or that the examinations which are solely a part of such machinery should now take place. Moreover, in the present case, Mr. Archer made sworn returns of his income each year during the period named in the summons, and paid income-taxes accordingly. Therefore, under section 3182, the commissioner of internal revenue could not now make a new or corrected list in respect to the income-taxes of Mr. Archer for the years named in the summons, because the fifteen months named in section 3182 have elapsed.

I do not think there is anything in section 3163 as to the power of supervisors, in connection with the provision of the act of August 15, 1876, (19 Stat. 152,) which varies the view above taken of the sections on which this proceeding is based, or which can uphold it.

The application for the attachment is denied.